## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| Romantix-Fargo, Inc., <br><br>                      Plaintiff, <br><br>   vs. <br><br> City of Fargo, et al., <br><br>                      Defendants. | **ORDER** <br><br> Case No. 3:22-cv-183 |

The Defendants City of Fargo, North Dakota, and Nicole Crutchfield, in her official capacity as the Director of Planning & Development, (together, the "City") move to dismiss Plaintiff Romantix-Fargo, Inc.'s ("Romantix") complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 17. Romantix opposes the motion. Doc. No. 38. For the reasons below, the motion is granted in part and denied in part.

I.      **FACTUAL BACKGROUND**

The factual background, accepted as true for the purposes of this motion, is taken from the complaint. See Doc. No. 1. As previously summarized in this Court's order denying Romantix's motion for a preliminary injunction (see Doc. No. 30), this case involves a dispute over the location of Romantix's downtown Fargo location and certain zoning provisions in Fargo's Land Use Development Code (the "LUD Code").[1]

---

[1] Fargo's Land Use Development Code is set forth in Chapter 20 of the Fargo Municipal Code. Doc. No. 1 ¶ 15.

As alleged, Romantix "seeks to open and operate a commercial retail establishment" in downtown Fargo. Doc. No. 1 ¶ 33. At its retail establishment, it seeks to sell "products," including but not limited to "bachelor and bachelorette novelties, balloons with humorous messages and in humorous shapes, board games and card games." Id. ¶ 35. Romantix expressly alleges it "does not intend to maintain or offer for sale upon the property any books, magazines, or periodicals." Id. ¶ 34.

In June 2022, Romantix began taking steps (including entering into a lease agreement on June 10, 2022) to relocate to 74 North Broadway Drive. Id. ¶ 59. The 74 North Broadway location is zoned Downtown Mixed Use ("DMU") (id. ¶ 56) and is owned by Gill Investments, Ltd. ("Gill Investments"). Id. ¶ 30. Per the LUD Code, in a DMU zone, an "Adult Entertainment Center" use, which includes "an adult bookstore, adult cinema or adult entertainment facility" uses, are not allowed, unless expressly allowed by other provisions of the LUD Code. Fargo, N.D., Mun. Code § 20-0401. "Adult Bookstore" is defined as a building "having a substantial or significant portion of its stock in trade, books, magazines, or other periodicals that are distinguished or characterized by their emphasis on matter depicting or describing specified sexual activities or specified anatomical areas." Id. § 20-1202(2). On the other hand, "Retail Sales and Service" use is permitted by right in a DMU zone. Id. § 20-0401.

On or about August 15, 2022, as alleged, Gill Investments submitted a change of use application to the City, seeking to change the classification of the property to allow "Retail Sales and Service" use. Doc. No. 1 ¶ 60. The City (via Crutchfield) denied the change of use application, deciding (as alleged) the "Adult Bookstore" definition applied to Romantix's proposed use at the 74 North Broadway location. Doc. No. 1-14. And because that use is prohibited in a DMU zone, the City denied Romantix's proposed use at the 74 North Broadway location. Id. As alleged

though, the decision to classify the proposed business as an "Adult Bookstore" was (at a minimum) contradictory and confusing, because Romantix had stated it did not intend to sell any books, magazines, periodicals, DVDs, or services. Doc. No. 1 ¶ 64. Romantix then appealed the decision through the appropriate administrative channels in compliance with the LUD Code.

After unsuccessfully appealing[2] the change of use application decision, Romantix filed its complaint. Doc. No. 1. The complaint asserts five claims against the City—(1) a First Amendment challenge to "Adult Bookstore"; (2) a constitutional vagueness claim as to "Adult Bookstore" and "Adult Entertainment Center"; (3) a procedural due process claim as to the change of use application process; (4) a prior restraint/zone out claim as to the change of use application process; and, (5) an appeal from a decision of the Fargo City Commission under North Dakota Century Code section 28-34-01. Id. Romantix also filed a motion for a preliminary injunction (Doc. No. 10), which was denied. Doc. No. 30. While the motion for a preliminary injunction was pending, the City filed this motion to dismiss. Doc. No. 17.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 8(a) requires a pleading only to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted," and a party may raise that defense by motion. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must

---

[2] The LUD Code provides broad appellate rights to "any person aggrieved . . . by any decision of the administrative officer." Fargo, N.D., Mun. Code § 20-0916.

be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.

### 1.    First Amendment

Starting with Romantix's First Amendment challenge to "Adult Bookstore[,]" Romantix argues the definition is a content-based restriction on First Amendment activity and is presumptively unconstitutional. See Doc. No. 1 ¶¶ 150-167. It further argues the definition is not supported by any compelling government interest. As to First Amendment claims, the Eighth Circuit Court of Appeals recently explained:

> The First Amendment prohibits laws "abridging the freedom of speech." U.S. Const. amend. I. Its protection extends beyond verbal and written statements to expressive conduct that is "sufficiently imbued with elements of communication." Texas v. Johnson, 491 U.S. 397, 404, 109 S. Ct. 2533, 105 L. Ed. 2d 342 (1989). Such conduct includes "nude dancing, burning the American flag, flying an upside-down American flag with a taped-on peace sign, wearing a military uniform, wearing a black armband, conducting a silent sit-in, refusing to salute the American flag, and flying a plain red flag." Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n, – U.S. –, 138 S. Ct. 1719, 1741-42 & n.1, 201 L. Ed. 2d 35 (2018) (Thomas, J., concurring in part and in the judgment) (collecting cases).
>
> Yet, not all conduct is "protected speech simply because the person engaging in [it] intends thereby to express an idea." Masterpiece Cakeshop, 138 S. Ct. at 1742. A court "must first determine whether [the plaintiff's action] constituted expressive conduct." Johnson, 491 U.S. at 403, 109 S. Ct. 2533. We ask "whether an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those who viewed it." Id. at 404, 109 S. Ct. 2533. The party "desiring to engage in assertedly expressive conduct [must] demonstrate that the First Amendment even applies." Clark v. Cmty. for Creative Non-Violence, 468 U.S. 288, 293 n.5, 104 S. Ct. 3065, 82 L. Ed. 2d 221 (1984).

Adam & Eve Jonesboro, LLC v. Perrin, 933 F.3d 951, 957 (8th Cir. 2019).

Adam and Eve is factually on all fours with this case. Id. In that case, Adam and Eve opened a store and intended to sell "lingerie, adult toys, costumes, novelties, games, massage oils, and personal lubricants." Id. at 955. The parties stipulated that Adam and Eve would "not sell

pornographic DVDs, books, and magazines." Id. at 957. Given that stipulation, the Eighth Circuit concluded that "Adam and Eve has jettisoned any claim to expressive conduct." Id. And "after disavowing any expressive conduct, we hold that Adam and Eve cannot state a claim under the First Amendment." Id. at 958.

So too here. Recall that the complaint alleges that Romantix "does not intend to maintain or offer for sale upon the property any books, magazines, or periodicals" or "DVDs, Arcades, or Theaters" or "services." Doc. No. 1 ¶¶ 34, 64. Just as in Adam and Eve, Romantix disavows any expressive conduct in its complaint, which means there is no speech to protect. Following Adam and Eve, Romantix cannot state a claim under the First Amendment, and the City's motion to dismiss that claim is granted.

### 2.    Constitutional Vagueness

Turning to the constitutional vagueness claim, Romantix pleads that the definitions of "Adult Bookstore" and "Adult Entertainment Center" are "vague and ambiguous, on its face and as applied" in violation of the First and Fourteenth Amendments. Doc. No. 1. A statute (or ordinance) is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." F.C.C. v. Fox Television Stations, Inc., 567 U.S. 239, 253 (2012). Said another way, a vague law fails to provide "fair warning" to citizens and may "trap the innocent." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982) (quoting Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972)). Relatedly, a "law must provide explicit standards for those who apply them." Id.

Romantix alleges the City and its officials have "at different points in time, interpreted the definition of Adult Bookstore differently," "openly struggled to understand the definition of Adult

Bookstore," and "applied the definition of Adult Bookstore differently as to different business and different zoning districts." Doc. No. 1 ¶¶ 97-99. The complaint also contains quotes from City officials struggling with the definitions of Adult Bookstore and stating that the definitions are not "exactly clear." Id. ¶ 87.

Facially, a plain reading of the Adult Bookstore and Adult Entertainment definitions, which are contained in the complaint (id. ¶¶ 17-18), appear to provide a person of ordinary intelligence fair notice of what is prohibited and what is considered an adult bookstore by that definition. But as applied, it is alleged that the definitions encourage discriminatory enforcement and has resulted in discriminatory application, and it is alleged that the definitions do not provide explicit standards for the City officials that apply them. So, when accepting the factual allegations as true, there is an alleged discriminatory enforcement and interpretation as to the definitions and as applied by the City. While this Court may be skeptical of the merits of this claim, that is not the appropriate inquiry for the purposes of assessing this motion. When accepting the factual allegations as true, Romantix has plausibly alleged its vagueness claim. The City's motion to dismiss is denied as to this claim.

### 3.    Procedural Due Process

Romantix's next claim is a procedural due process claim under the Fourteenth Amendment. Doc. No. 1 ¶¶ 133-149. Per the Fourteenth Amendment of the United States Constitution, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To prove a due process violation in a local land use decision the plaintiff must identify a protected property interest to which the Fourteenth Amendment's due process protection applies, and then demonstrate that the government action complained of is truly irrational, that is something more than . . . arbitrary, capricious, or in violation of state law." Snaza v. City of St.

Paul, Minn., 548 F.3d 1178, 1182 (8th Cir. 2008) (citations and internal quotation marks omitted).

"In the zoning context, assuming a landowner has a protectible property interest, procedural due

process is afforded when the landowner has notice of the proposed government action and an

opportunity to be heard." Pietsch v. Ward Cnty., 991 F.3d 907, 910 (8th Cir. 2021).

In its complaint, Romantix alleges the City's change of use application process is ad hoc,

not defined in the LUD Code, and fails to provide sufficient process. But on its face, the complaint

tells a different story. Taking the allegations in the complaint as true, there was much back and

forth between Romantix and the City, including several meetings and discussions, before the City

made a decision on the change of use application. The City reached a decision that Romantix

disagreed with, and Romantix properly appealed under the LUD Code. On the face of the

complaint, there was notice and an opportunity to be heard, and the City's procedure was not

irrational. Given that, and on the allegations in this complaint, Romantix cannot plausibly allege a

procedural due process claim under the Fourteenth Amendment, and the City's motion to dismiss

that claim is granted.

### 4.    Prior Restraint/Zone Out

For its final federal claim, Romantix alleges a prior restraint/zone out claim, alleging the

"change of use application process is an unconstitutional prior restraint and zone out in violation

of the First and Fourteenth Amendments." Doc. No. 1. "The term prior restraint is used 'to describe

administrative and judicial orders forbidding certain communications when issued in advance of

the time that such communications are to occur.'" Alexander v. United States, 509 U.S. 544, 550

(1993) (quoting M. Nimmer, Nimmer on Freedom of Speech § 4.03, p. 4-14 (1984) (emphasis

added)). However, "[t]he law must have a close enough nexus to expression, or to conduct

commonly associated with expression, to pose a real and substantial threat of the identified censorship risks." City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 759 (1988).

Here again, even taking the allegations in the complaint as true, the City's change of use application process does not forbid "certain communications" and does not have a "close enough nexus to expression" "to pose a real and substantial threat" of censorship. Indeed, as alleged, Romantix's business is not censored at all or forbidden; rather, the change of use application process is an aspect of the City's zoning scheme for deciding where certain businesses may operate. So, Romantix's factual allegations are insufficient to state a plausible prior restraint/zone out claim—particularly when, as alleged, the change of use application process does not forbid certain communications and does not have a close enough nexus to expression. The City's motion to dismiss this claim is granted.

### 5.    State Law Claim

This leaves Romantix's state law appeal under North Dakota Century Code section 28-34-01. Without question, there are sufficient factual allegations in Romantix's complaint to plausibly allege an appeal of the City's decision to deny a change of use permit. And neither party focused any briefing on this claim. As such, the City's motion to dismiss the state law appeal is denied.

## III.    CONCLUSION

In sum, it is worth emphasizing that the Court is required to apply the appropriate standard in deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires accepting all the factual allegations as true and assessing claim plausibility (and not the ultimate merits). After applying that standard to the complaint here, City's motion to dismiss for failure to state a claim (Doc. No. 17) is **GRANTED IN PART** and **DENIED IN PART**. Counts two (prior restraint/zone out), three (procedural due process), and four (First Amendment) of Romantix's

complaint are **DISMISSED**. Romantix may proceed on counts one (vagueness) and five (state law appeal).

      **IT IS SO ORDERED**.

      Dated this 4th day of August, 2023.

*/s/ Peter D. Welte*       
Peter D. Welte, Chief Judge
United States District Court
